1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL PARIS,

11            Plaintiff,              No. 2:12-cv-2383 CKD P

12        vs.

13   E. BRAZIL, et al.,

14            Defendants.            ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to

24   collect an initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

25   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

26   preceding month's income credited to plaintiff's prison trust account.  These payments will be

1

1   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must

19  contain something more...than...a statement of facts that merely creates a suspicion [of] a legally

20  cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure

21  1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted

22  as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129

23  S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has

24  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

25  reasonable inference that the defendant is liable for the misconduct alleged."  Id.

26  \\\\\

2

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. <u>See</u> <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122 S.Ct. 992 (2002).  Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996).

Plaintiff names two defendants: E. Brazil, a correctional officer at Mule Creek State Prison; and W. Knipp, the Warden of Mule Creek State Prison.  He alleges that, on January 14, 2012, Brazil was escorting him back from receiving his medication when Brazil began shouting obscenities and "slammed him face down without warning," although plaintiff had made no sudden moves toward Brazil.  Plaintiff alleges that he received numerous injuries as a result, including a broken jaw, five sutures to his chin, and damage to his right ear.  (Dkt. No. 1 at 5.)

The Eighth Amendment prohibits cruel and unusual punishment. "[T]he unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  <u>Whitely v. Albers</u>, 475 U.S. 312, 319 (1986).  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  <u>Wilkins v. Gaddy</u>, —— U.S. ——, ——, 130

3

S.Ct. 1175, 1178 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 9, (1992)).  For screening purposes, the court concludes that plaintiff has stated an Eighth Amendment excessive force claim against defendant Brazil.

As to defendant Warden Knipp, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Thus plaintiff does not state an Eighth Amendment claim against defendant Knipp.

In sum, the court concludes that, for screening purposes, plaintiff has stated an Eighth Amendment claim against defendant Brazil, and defendant Knipp should be dismissed.

Plaintiff will be granted 28 days from the date of service of this order to amend his complaint to cure any deficiencies outlined above.  Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss defendant Knipp from this action with prejudice.  Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

4

1   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

3   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

4   complaint be complete in itself without reference to any prior pleading.  This is because, as a

5   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

6   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

7   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

8   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

9          Furthermore, any amended complaint shall not include allegations unrelated to the

10  claims that are the subject of this action.

11         In accordance with the above, IT IS HEREBY ORDERED that:

12         1. Plaintiff's motion to proceed in forma pauperis is granted;

13         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

14  The fee shall be collected and paid in accordance with this court's order to the Director of the

15  California Department of Corrections and Rehabilitation filed concurrently herewith;

16         3. Plaintiff's claims against defendant Knipp is dismissed with leave to amend.

17         4. Plaintiff is granted 28 days from the date of service of this order to amend his

18  complaint to cure the deficiencies outlined in this order.  Plaintiff is not required to file an

19  amended complaint, but failure to do so will be construed as plaintiff's consent to the dismissal

20  of defendant Knipp with prejudice.

21         5.  If plaintiff elects to amend, any amended complaint shall bear the docket

22  number assigned to this case and shall be labeled "Amended Complaint."

23  ////

24  ////

25  ////

26  ////

1          6.  Upon filing an amended complaint or expiration of the time allowed therefor,

2    the court will make further orders for service of process upon some or all of the defendants.

3     Dated: September 26, 2012

4                                                        _____
                                                        CAROLYN K. DELANEY
5                                                        UNITED STATES MAGISTRATE JUDGE

6

7

8    2
     pari2383.B
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26