UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARIS, | No. 2:12-cv-2383 MCE CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| E. BRAZIL, | |
| Defendant. | |

I. Introduction

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This action proceeds on the complaint filed September 18, 2012, which alleges that defendant Brazil used excessive force in violation of the Eighth Amendment when plaintiff was incarcerated at Mule Creek State Prison ("MCSP"). (ECF No. 1.) Pending before the court is defendant's August 8, 2013 motion for summary judgment (ECF No. 20), which has been briefed by the parties. (ECF Nos. 23, 24.) For the reasons discussed below, the undersigned will recommend that defendant's motion be denied.

II. Summary Judgment Standards Under Rule 56

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by

"citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

III. Discussion

A. Facts

Plaintiff alleges in a verified complaint[1] that, on January 14, 2012, defendant used excessive force against him while escorting him back to his cell, resulting in "a broken jaw, five sutures to his chin and inner damage to his right ear[.]" (ECF No. 1 at 5.) The following facts are undisputed except where otherwise indicated[2]:

At all times relevant to this action, plaintiff was in the custody of the California Department of Corrections and Rehabilitation at MCSP. Defendant was a Correctional Officer at MSCP. On January 14, 2012, plaintiff was housed in Facility C Administrative Segregation Unit ("Ad. Seg.") at MCSP. As an Enhanced Out Patient ("EOP") inmate in Ad. Seg., plaintiff was escorted by correctional staff to receive medication outside his cell.

/////

---

[1] A plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence. Lopez v. Smith, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000).

[2] See ECF No. 20-3 (Defendant's Statement of Undisputed Material Facts ("DUF"); ECF No. 23, Ex. B (Plaintiff's Statement of Undisputed and Disputed Facts).

On January 14, 2012, plaintiff was escorted by defendant Brazil to receive his medication. Once plaintiff had received his medication, defendant began to escort plaintiff back to his cell.

The parties give differing accounts of what happened next: Plaintiff alleges that defendant "challenged him to a fight while yelling obscenities at him. . . .[and] slammed him face first without warning. . . . Plaintiff contends that at no time did he make a sudden move towards Defendant Brazil." (ECF No. 1 at 5; see also ECF No. 20, Rivas Decl., Ex. A at 12-21 (excerpts from plaintiff's deposition)).  Defendant more generally asserts that "[d]uring the escort back, Defendant Brazil and Plaintiff got into a physical altercation, which resulted in Defendant Brazil taking Plaintiff down to the ground." (DUF 8.) The parties agree that, as a result of the incident, plaintiff's jaw was broken and he required stitches on his chin and ear.

At a February 2012 rules violation hearing, plaintiff was found guilty of assault on a peace officer resulting in the use of force. Due to a procedural error, the February 2012 hearing was vacated and ordered to be reheard. At the second rules violation hearing in June 2012, plaintiff again was found guilty of assault on a peace officer resulting in the use of force and assessed a 90-day loss of behavioral credits. (See ECF No. 20, Mendonca Decl., Ex. B.) The hearing report listed the following evidence in support of the findings:

> On Saturday, January 14, 2012, at approximately 0845 hours, I escorted Inmate PARIS . . . to the Ad-Seg clinic to take his morning medication,
>
> PARIS turned to his right and attempted to walk away.
>
> With my hand still on PARIS' left elbow, I held him and instructed him to come back to the clinic door and open his mouth for LVN Morataya to see,
>
> PARIS made a quick head butting motion toward my face,
>
> I instructed PARIS to keep his head straight forward and began escorting him back to the cell,
>
> PARIS stated, "take my cuffs off and fight me like a man."
>
> PARIS then turned to his left so that he was facing me and lunged toward my face with his forehead.
>
> I spontaneously reacted by utilizing my right leg to sweep PARIS' feet out from underneath him and instructed him to get down.

4

> PARIS fell forward on the ground in a prone position.
>
> I placed my left-hand on the back of his left shoulder and my right hand on the back of his right shoulder. Utilizing my body weight, I held PARIS in a prone position until staff could respond.

(ECF No. 20, Mendonca Decl., Ex. B at 3-4.) The report also cited testimony by Nurse Morataya, who "saw PARIS try to head butt Officer Brazil after I gave him his medication." It further cited plaintiff's "partial admission of guilt" at the hearing:

> 'Officer Brazil and I had words at the cell before he escorted me to the clinic. We were already agitated. I turned toward him and he thought I tried to headbutt him. I will admit that I resisted him because I didn't keep my body forward during escort, but we were both talking shit.'

(Id. at 4.) Plaintiff has not challenged his June 2012 rules violation conviction by filing a petition for writ of habeas corpus and has not had the 90 days of behavioral credit restored.

B. Defendant's Motion

Defendant argues that plaintiff's excessive force claim is barred by his prior disciplinary conviction of assault on a peace officer resulting in the use of force, arising out of the same incident under the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the U.S. Supreme Court held that a convicted criminal may not bring a civil suit questioning the validity of his conviction until he has had the conviction set aside. See 512 U.S. at 486-487. Defendant argues that Heck and its progeny prevent a state prisoner from pursuing a § 1983 action that, if successful, would necessarily imply the invalidity of a disciplinary conviction resulting in the loss of good time or credit. See Edwards v. Balisok, 520 U.S. 641, 648-49. Any challenge to such a conviction must, instead, be brought by a petition for writ of habeas corpus.

However, in Smithart v. Towery, 79 F.3d 951, 952-53 (9th Cir. 1996), the Ninth Circuit held that where "a successful section 1983 action for excessive force would not necessarily imply the invalidity of [plaintiff's] arrest or conviction, Heck does not preclude [plaintiff's] excessive force claim." In prisoner cases, courts have since recognized that "it is possible for an excessive force action and a battery conviction to coexist without running afoul of Heck[.]" Calloway v. Oaks, No. 1:08-cv-01896 LJO GSA PC, 2013 WL 4586442, at *3 (E.D. Cal. Aug. 28, 2013). In Simpson v. Thomas, No. 2:03-cv-00591 MCE GGH, 2009 WL 1327147 (E.D. Cal. May 12,

2009), the district court denied summary judgment to defendant on the ground that plaintiff's excessive force claim was barred by his battery conviction arising out of the same incident. The district court reasoned:

> Even if Defendant acted unlawfully by using excessive force, Plaintiff could still have been guilty of battery if Plaintiff also used excessive force. See Hernandez, 624 F.2d at 937-938; see also Lockett v. Suardini, 526 F.3d 866, 873 (6th Cir. 2008) (Defendants "conceded at oral argument that [plaintiff's] Eighth Amendment excessive-force claim [was] not barred by Heck because [plaintiff's] disruptive and threatening behavior ... would not justify the allegedly excessive force that [plaintiff] was subjected to, even if [plaintiff] was in fact guilty of assault."); Huey v. Stine, 230 F.3d 226, 230 (6th Cir. 2000) (noting in dicta that "[i]n general, the federal courts hold that Eighth Amendment claims do not run afoul of Heck because the question of the degree of force used by a police or corrections officer is analytically distinct from the question whether the Plaintiff violated the law."). Accordingly, a verdict in favor of Plaintiff on the excessive force claim does not necessarily invalidate his disciplinary conviction.

Id. at *4.

Here, the question of whether plaintiff made a lunging or head-butting motion toward defendant – the subject of his disciplinary conviction – is separate from the question of whether defendant's use of force, sufficient to break plaintiff's jaw and require him to be hospitalized, was excessive under the Eighth Amendment. Accordingly the undersigned will recommend that defendant's motion for summary judgment be denied.

IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 20) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

////

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 16, 2013

                                                          */s/ Carolyn K. Delaney*

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / pari2383.sj