UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARIS, | No. 2:12-cv-2383 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| E. BRAZIL, et al., | |
| Defendants. | |

This pro se prisoner action brought pursuant to 42 U.S.C. § 1983 is set for trial in January 2015 on plaintiff's claim of excessive force against defendant Brazil. (ECF No. 31.)

Before the court is plaintiff's July 7, 2014 motion for appointment of counsel, in which plaintiff states that he has been diagnosed as bipolar/manic-depressive, is currently prescribed an anti-psychotic medication, and is housed in the Psychiatric Services Unit at California State Prison-Sacramento. (ECF No. 41.) "It cannot be ruled out," plaintiff asserts, "that the stress of trial preparation and trial could lead to further regression and decompensation of plaintiff's disorder." (Id.) Plaintiff also states that he has limited law library access. (Id.)

The court may request an attorney to voluntarily represent an indigent civil litigant such as plaintiff only in exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935

1

F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Whether "exceptional circumstances" exist depends on the plaintiff's likelihood of success on the merits as well as plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, generally do not constitute exceptional circumstances.

Here, plaintiff's excessive force claim has survived summary judgment, evincing a reasonable likelihood of success on the merits. The fact that plaintiff has successfully opposed summary judgment and litigated this action up to and including filing a pretrial statement, suggests that "there is no nexus between his mental disorder and his ability to articulate his claims." McElroy v. Cox, 2009 WL 4895360, *3 (E.D. Cal. 2009) (denying appointment of counsel where plaintiff's "claim that he suffers from a mental illness that prevents him from sufficiently bringing his case is undercut by his pleadings."). Moreover, the instant case is not complex and turns largely on the parties' credibility. See ECF No. 25. Finally, while plaintiff asserts that the stress of trial "could lead" to the deterioration of his mental health, such that he could not present his claim at trial, he has attached no medical documentation to support this assertion.

In light of the above, the court does not find the required "exceptional circumstances" to appoint counsel for plaintiff.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel (ECF No. 41) is denied.

Dated: August 25, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / pari2383.counsel